In the Matter of SIMON KLEINMAN, as President of Supreme Court Probation Officers Association, Appellant, *v.* THOMAS F. McCOY, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, et al., Respondents.

First Department, December 20, 1966.

*Henry I. Hamburger* of counsel (*Nemeroff, Jelline, Danzig, Paley & Kaufman*, attorneys), for appellant.

*Lawrence N. Marcus* for Thomas F. McCoy, respondent.

*Robert T. Hartmann* of counsel (*Alfred Weinstein* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for Eugene M. Becker, as Director of Budget, and others, respondents.

*Morris Weissberg* for David Schwartz, respondent.

McNALLY, J. P. This proceeding under article 78 CPLR involves the validity of determinations establishing two units of employees of the Unified Court System of the State of New York for the purpose of collective bargaining and designating a collective bargaining representative for said units. One unit comprises the competitive class titles of Probation Officer and Probation Officer Trainee; the other includes the competitive class titles of Senior Probation Officer, Probation Supervisor, Case Supervisor, Supervising Probation Officer and Probation Officer (Assistant to Chief Probation Officer). Respondent Probation and Parole Officers Association of Greater New York (hereinafter Association) was designated as the collective bargaining representative for both units.

The determinations were made by the Acting Commissioner of Labor of the City of New York. Petitioner, in addition to challenging the merits, asserts the determinations are beyond the competence of the Acting Commissioner. Respondents State Administrator of the Administrative Board of the Judicial Conference of the State of New York and the Association contend the action of the Acting Commissioner is valid because it is " subject to their [Administrative Board and the City of New York] joint authority and responsibility ".

The salaries of probation officers are determined and paid by the City of New York. (N. Y. Const., art. VI, § 29, subd. d.) The City of New York and the Administrative Board on December 6, 1965 adopted procedures for joint collective bargaining " subject to their joint authority and responsibility ". Said agreement defines as a principal in respect of collective bargaining, in addition to the Director of the Budget of the City of New York and the State Administrator of the Administrative Board of the Judicial Conference, " a Union or other representative of a group of employees duly certified by the New York City Department of Labor for a class of positions, if representing through one or more certificates a city-wide majority in the Court System of the employees of such class of positions ".

The Unified Court System became effective September 1, 1962. (N. Y. Const., art. VI.) Administrative supervision thereof is vested in the Administrative Board of the Judicial Conference (*id.*, § 28). The Administrative Board in consultation with the

Judicial Conference has the authority and responsibility of establishing standards and practices of general application in respect of nonjudicial personnel of the Unified Court System. (Judiciary Law, § 212.) The promulgation of new standards relating to nonjudicial personnel must be consistent with the Civil Service Law and based on hearings on notice to said employees or their representatives with the opportunity to be heard (*id.*, subd. 1).

The authority for the establishment of appropriate units for the purpose of collective bargaining representatives of nonjudicial personnel is in our opinion lodged with the Administrative Board and is nondelegable. (*Matter of Kilgus* v. *Board of Estimate of City of N. Y.*, 308 N. Y. 620; *Matter of Daley* v. *Board of Estimate of City of N. Y.*, 267 App. Div. 592.) The Administrative Board may be aided and assisted by experts; it may also designate a hearing officer to hear, report and recommend. The determination of the appropriate units for collective bargaining, however, is required to be by the Administrative Board and upon its examination and consideration of all relevant data.

Respondents do not dispute the authority of the Administrative Board in respect of the appropriate bargaining units or the designation of collective bargaining agents. On the contrary, they affirm the delegation to the New York City Department of Labor of the determination of the appropriate bargaining units was " subject to * * * [the] joint authority and responsibility " of the Administrative Board and the City of New York. The record, however, fails to establish that the determinations under review are that of the Administrative Board. It is not enough that the Administrative Board " allowed the determination of the City Labor Department to stand without any change " as argued in the brief of the respondent Association. There are no valid, reviewable determinations of the Administrative Board until it has affirmatively and demonstrably made the determinations.

In the instant proceeding it is patent that the Administrative Board is especially qualified to ascertain and evaluate the relevant factors. It is the Administrative Board which established the title structure interpreted by and upon which in large measure the decision of the hearing officer is predicated. The Administrative Board also has knowledge of the statistics and duties and is well versed in the historical background and salary structures of the positions and titles involved. We do not suggest what considerations shall enter into the determinations. We merely observe that the constitutional and statutory

imposition upon the Administrative Board of the authority to determine the bargaining units and the collective bargaining representatives in the circumstances here involved is consistent and in accord with its expertise in the data and matters relative thereto.

The determination and certification herein should be annulled, on the law, without costs or disbursements, and the proceeding remitted to the Administrative Board of the Judicial Conference of the State of New York for proceedings in conformity herewith.

STEVENS, STEUER and CAPOZZOLI, JJ., concur.

Judgment unanimously reversed, on the law, without costs or disbursements, the determination and certification herein annulled, and the proceeding remitted to the Administrative Board of the Judicial Conference of the State of New York for proceedings in conformity with the opinion of this court.